**NATIONAL LABOR RELATIONS BOARD v. UNITED CONST. WORKERS et al.**

No. 6433.

United States Court of Appeals Fourth Circuit.

Argued June 24, 1952.

Decided July 18, 1952.

Writ of Certiorari Denied Nov. 10, 1952.

See 73 S.Ct. 170.

Thomas McDermott, Atty., National Labor Relations Board, Washington, D. C. (George J. Bott, General Counsel, David P. Findling, Associate General Counsel, A. Norman Somers, Asst. General Counsel, and Bernard Dunau, Atty., National Labor Relations Board, all of Washington, D. C., on the brief), for petitioner.

Hillis Townsend and M. E. Boiarsky, Charleston, W. Va., for respondents.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

This is a petition to enforce an order of the National Labor Relations Board directing respondents to cease and desist from unfair labor practices and post notices of intention to comply with the order. The unfair labor practices consisted in interfering with employees of timbermen who were delivering mine timbers to the Carbon Coal Company, a coal mining company which shipped large quantities of coal in interstate commerce. There was ample evidence to support the finding of the Board that respondents picketed the premises of the coal company for the purpose (1) of compelling that company to cease doing business with timbermen who would not join respondent's union or the association which had a closed shop contract with the union, (2) of compelling the timbermen to join the union and the association and (3) of compelling the timbermen to recognize the union as the representative of their employees. The Board held that this conduct was violative of 8(b)(4)(A) and (B) of the Labor Management Relations Act, 29 U.S.C.A. § 158(b)(4)(A) and (B). The Board found also, upon ample evidence, that respondents had violated section 8(b)(1)(A) of the act by coercion exercised on one Bryant, an employee of one of the timbermen. The facts are set forth in the Board's order and the intermediate report of the Trial Examiner and need not be repeated here. They fully sustain the Board's order. It is argued that the order is too broad; but in view of the wide background of violence and intimidation which the record discloses and the program of which it was a part, we think that this contention is without merit. Without merit also is the contention that the unfair labor practices do not affect commerce because the furnishing of timbers is an intrastate matter. The Carbon Coal Company in the mining and shipping of coal was engaged in interstate commerce on a large scale; and this commerce was unquestionably affected by the unfair labor practices here involved. See N.L.R.B. v. Denver Building & Construction Trades Council, 341 U.S. 675, 683–685, 71 S.Ct. 943, 95 L.Ed. 1284. The order will be enforced.

Order enforced.